IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT WALZ,                                    Civil No. 07-1094-AA
                                                OPINION AND ORDER
        Plaintiff,

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.
_____

Rory Linerud
Linerud Law Firm
PO Box 1105
Salem, Oregon 97308
        Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Britannia Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

David M. Blume
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
        Attorneys for defendant

AIKEN, Judge:

        Claimant, Robert Walz, brings this action pursuant to the

Social Security Act (the Act), 42 U.S.C. §§ 401 and 1381-83f, to

1    - OPINION AND ORDER

obtain judicial review of a final decision of the Commissioner denying his application for disability insurance benefits under Title II of the Act and for Supplemental Security Income (SSI) disability benefits under Title XVI of the Act.  For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed.

### PROCEDURAL BACKGROUND

Plaintiff alleged disability beginning March 10, 2004, due to back problems and congenital upper extremity deformity.  Tr. 79-80.   The Commissioner denied plaintiff's applications initially and on reconsideration.   In February 2007, an administrative law judge (ALJ) held a hearing to consider plaintiff's application for disability.  Tr. 276-98.  On March 21, 2007, the ALJ issued a decision finding plaintiff not disabled under the Act.  Tr. 12-22.  On June 13, 2007, the Appeals Council denied plaintiff's request for review, tr. 5-7, making the ALJ's decision the Commissioner's final decision.  20 C.F.R. §§ 404.981, 416.1481, 422.210.  On July 27, 2007, plaintiff filed the complaint at bar.  The relevant period under review begins March 10, 2004, plaintiff's alleged disability onset date, to March 21, 2007, the date of the ALJ's decision.

### STATEMENT OF THE FACTS

Plaintiff was born in 1982.  Tr. 63.  He was 21 years old when he allegedly became disabled in March 2004, and 24 years old when the ALJ issued his March 2007 decision.  Plaintiff graduated from high school and has worked as a telephone solicitor, fast-food worker, kitchen helper, gas-station attendant, industrial cleaner, and telephone sales representative.  Tr. 280, 295.  The

2    - OPINION AND ORDER

record indicates plaintiff worked part-time as a cashier for Burger King in 2006, and as a customer-service representative for Qwest in 2006 and 2007.  Tr. 282-84.

Plaintiff was born with upper extremity deformities including no thumbs or forearms.  The medical records state: "considerable gross abnormalities of the ulnar carpal joint and loss of several of the carpal bones.  Scanning x-rays would suggest that there are only 4 carpal bones out of a standard eight."  Tr. 170.

### STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability.  Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986).  To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ."  42 U.S.C.

3   - OPINION AND ORDER

§ 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the

4    - OPINION AND ORDER

claimant is able to perform other work which exists in the national economy, she is not disabled.  20 C.F.R. §§ 404.1566, 416.966.

**DISCUSSION**

1. <u>The ALJ's Findings</u>

Regarding Step One, the ALJ found that plaintiff may have engaged in substantial gainful activity in 2006 and 2007, nonetheless, the ALJ proceeded with the sequential evaluation. Tr. 16-17.  Pursuant to Step Two, the ALJ found that plaintiff's back disorder and upper extremity congenital deformity were severe impairments.  Tr. 17.  Under Step Three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment in 20 C.F.R. pt. 404, subpt. P, app.1.  Tr. 17.  Regarding plaintiff's residual functional capacity, the ALJ found that plaintiff could perform light work. <u>Id.</u>; 20 C.F.R. §§ 404.1567, 416.967. At Step Four, the ALJ found that plaintiff could not perform his past relevant work.  Tr. 19. Finally, at Step Five, the ALJ found that plaintiff was not disabled because he could perform other work that exists in the national economy such as a storage-facility rental clerk, call-out operator, or surveillance-system monitor.  Tr. 20.  Plaintiff alleges error based on the ALJ's Step Five finding arguing he is unable to perform the identified occupations.

2. <u>Vocational Expert's Testimony</u>

Plaintiff argues that the ALJ relied on vocational expert ("VE") testimony premised on a hypothetical question that understated plaintiff's limitations.  An ALJ must include all limitations supported by substantial evidence in a hypothetical

question to the vocational expert, but may exclude unsupported limitations and disregard vocational expert testimony premised on such limitations. Bayliss v. Barnhart, 427 F.3d 1211, 1217-18 (9th Cir. 2005). Here, the ALJ identified three jobs someone with plaintiff's residual functional capacity could perform: storage-facility rental clerk, call-out operator, and surveillance-system monitor. Tr. 296-97. The ALJ similarly found that plaintiff could perform these occupations. Tr. 20. Plaintiff argues that he is unable to perform these occupations due to his reaching, grasping, pinching and keyboarding limitations. The Commissioner concedes that the plaintiff could not perform the job of storage-facility rental clerk as it requires frequent handling. Plaintiff was limited by the ALJ to occasional handling. Tr. 17. Neither the vocational expert nor the ALJ explained this deviation. Tr. 17-18, 296-98. Therefore, remaining are two jobs identified by the vocational expert that plaintiff could perform: call-out operator and surveillance-system monitor.

Regarding the plaintiff's ability to reach, the ALJ did not find limits on this ability. Tr. 17. A surveillance-system monitor requires no reaching, and a call-out operator requires only occasional reaching. See DOT 379.367-010, DOT 237.367-014. The record indicates that plaintiff could reach occasionally. Moreover, his previous jobs required at least occasional reaching: fast-food worker (constant), DOT 311.472.010, telephone solicitor (occasional), DOT 299.357-014, kitchen helper (constant), DOT 318.687-010, gas station attendant (frequent), DOT 915.477-010, industrial cleaner (frequent), DOT 381.687-018, and telephone sales representative (occasional), DOT 253.257-010.

Finally, plaintiff's testimony, as well as his wife's testimony was consistent with plaintiff's ability to reach occasionally. Plaintiff testified he could not scrub his back, drive a stick shift, or reach top shelves, but that he could make change and sort papers without difficulty. Plaintiff is also able to prepare bottles for his two-year-old son. Tr. 289, 291. Plaintiff's wife testified that she reached high places for him, took out his contacts, and did his laundry, but that he regularly played video and board games. Tr. 293-94. I find that the ALJ relied on sufficient evidence in the record to find that plaintiff could reach occasionally and therefore perform the two jobs identified by the VE.

The plaintiff next asserts that the ALJ erred in assessing plaintiff's ability to grasp. The State agency reviewing physician limited plaintiff to occasional handling, including grasping. Tr. 166. The ALJ relied on the VE's testimony and opinion as well as the testimony in the record of both plaintiff and his wife regarding plaintiff's grasping and handling ability and limitations. The ALJ relied on substantial evidence in the record to limit plaintiff to occasional handling. Tr. 17. The VE testified that the call-out operator required only occasional handling, and the surveillance-system monitor requires no handling. Therefore, plaintiff's limitation to occasional grasping or handling did not preclude these jobs.

Finally, plaintiff argues the ALJ erred in assessing his ability to pinch and keyboard and that his deficit in those areas precluded his performance of the identified occupations. The State agency reviewing physician limited plaintiff to occasional

fingering (including keyboarding).  Tr. 166.  The ALJ also limited plaintiff to occasional fingering and keyboarding.  Tr. 17.  A call-out operator requires occasional fingering, and a surveillance-system monitor requires no fingering.

The ALJ relied on evidence in the record supporting plaintiff's ability to "occasionally" finger such as his ability to type 25 words per minutes, ability to make change, prepare bottles for his son, and play video and board games.  Tr. 285, 289, 291, 293.  Also, plaintiff's previous occupations required at least occasional fingering and often times more than occasional:  fast-food worker (frequent), kitchen helper (occasional), gas station attendant (frequent), industrial cleaner (occasional), and telephone sales representative (occasional).  There is no evidence or explanation in the record as to why plaintiff was no longer able to occasionally finger when he did so previously with his congenital impairments. Therefore, the ALJ relied on substantial evidence in the record to find that plaintiff had the ability to finger and/or keyboard occasionally, and thus, perform the occupations of call-out operator and surveillance-system monitor.

The ALJ properly relied on the VE's testimony to find that plaintiff could perform other work existing in significant numbers in the national economy.

///

///

///

///

///

8    - OPINION AND ORDER

**CONCLUSION**

The Commissioner's decision is based on substantial evidence, and is therefore, affirmed. This case is dismissed. IT IS SO ORDERED.

Dated this __19__ day of June 2008.


                                    /s/ Ann Aiken
                                      Ann Aiken
                          United States District Judge